# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE BROWNLEE, | Case No. 1:15-cv-01158-LJO-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR REHEARING |
| v. | (ECF No. 15) |
| RONALD RACKLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 2015, the Magistrate Judge issued a findings and recommendation that recommended that the petition in Case No. 1:15-cv-01158-LJO-SAB-HC be filed as a motion to amend in Case No. 1:14-cv-01990-LJO-SAB-HC. (ECF No. 9). Petitioner filed timely objections and a request for judicial notice. (ECF Nos. 10, 11). On August 27, 2015, the Court adopted the findings and recommendation, directed the clerk of court to file the petition from Case No. 1:15-cv-01158-LJO-SAB-HC in Case No. 1:14-cv-01990-LJO-SAB-HC as a motion to amend, and directed the clerk of court to administratively close Case No. 1:15-cv-01158-SAB-HC. (ECF No. 13). On September 11, 2015, Petitioner filed a motion for rehearing, which is a motion for reconsideration of the Court's August 27, 2015 order. (ECF No. 15).

A petitioner may file a motion for reconsideration of a final judgment, and the motion

1 may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 2 59(e). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later 3 than 28 days after the entry of the judgment." As Petitioner filed his motion for reconsideration 4 within 28 days of the entry of judgment, the Court considers the motion under Rule 59(e).

Petitioner's arguments do not merit reconsideration of the Court's August 27, 2015 order.[1]  It is clear that the petition in the instant case pertains to the same state court judgment as the petition in Case No. 1:14-cv-01990-LJO-SAB-HC.  Both petitions challenge Petitioner's 1980 conviction in Fresno County Superior Court and the amended judgment in that case.  At the time that Petitioner filed the petition in Case No. 1:15-cv-01158-LJO-SAB-HC, Case No. 1:14-cv-01990-LJO-SAB-HC was still pending.  "[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application."  Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008).  Therefore, the Court directed the Clerk of Court to file the petition in Case No. 1:15-cv-01158-LJO-SAB-HC as a motion to amend the petition in Case No. 1:14-cv-01990-LJO-SAB-HC.  Thus, Petitioner has not shown that the Court's August 27, 2015 order should be altered or amended.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for rehearing is DENIED.

IT IS SO ORDERED.

Dated:   **September 21, 2015**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner cites Section 1473 of the California Penal Code in support of his motion for rehearing, but as the petition is in federal court, the rules pertaining to habeas petitions in California state courts do not apply to the instant petition.